J-S08001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL ANTHONY BUTLER | |
| Appellant | No. 1113 WDA 2014 |

Appeal from the PCRA Order dated May 5, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0011981-2007

BEFORE:  STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 19, 2016**

Appellant Michael Anthony Butler *pro se* appeals from the May 5, 2014 order of the Court of Common Pleas of Allegheny County ("PCRA court"), dismissing his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history underlying this case are undisputed, and thoroughly recounted in the PCRA court's Pa.R.A.P. 1925(a) opinion.  **See** PCRA court's Rule 1925(a), 12/19/14, at 1 -19.  Briefly, following a jury trial, Appellant was convicted of possession with intent to deliver ("PWID"), criminal conspiracy, and dealing in the proceeds of unlawful activities.[1]  The trial court ultimately sentenced Appellant to consecutive terms nine to

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 930, 5111(a)(3), respectively.

eighteen years' incarceration for PWID, five to ten years' incarceration for criminal conspiracy, and two to four years' incarceration for dealing in the proceeds of unlawful activities. Appellant received an aggregate sentence of 16 to 32 years' imprisonment. This Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Butler*, No. 538 WDA 2012, 2013 WL 11262934 (Pa. Super. filed June 5, 2013) (unpublished memorandum). Thereafter, on December 26, 2013, Appellant filed the instant PCRA petition, raising, *inter alia*, a plethora of ineffective assistance of counsel claims. The PCRA court appointed counsel, who, on April 7, 2014, filed a no-merit letter and moved to withdraw. On April 15, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. On May 5, 2014, the PCRA court dismissed Appellant's PCRA petition and granted appointed counsel's withdrawal motion. Appellant appealed to this Court. Following Appellant's filing of a *pro se* Pa.R.A.P. 1925(b) statement of errors complained of on appeal,[2] the PCRA court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[3] Appellant raises the following issues for our review:

_____

[2] Appellant has abandoned many issues raised in his Rule 1925(b) statement because he failed to argue them in his brief before us.

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quoting *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007)).

[1.] Did the PCRA court err in denying Appellant's PCRA relief without an evidentiary hearing on Appellant's claim(s) of trial counsel's ineffectiveness?[4]

[2.] Should Appellant's PCRA proceedings be remanded for amendment based on PCRA counsel's pretexted tendered defense and perfunctory performance summarized in the following dereliction of duty and breach of professional responsibility to lawyer/client relations, rendered his representations below ineffective assistance of counsel, forfeiting and depriving appellant of a constitutional and meaningful review under the Post Conviction Relief Act?

Appellant's Brief at iv. Although his second issue is confusing and largely incoherent, we construe it to subsume the following issues raised in the argument section of his brief. Appellant argues that his trial counsel was ineffective because the counsel failed to: (a) challenge the calculation of Appellant's prior record score, (b) challenge the application of 35 P.S. § 115 based on his 1993 felony drug conviction under 35 P.S. § 780-113(a)(30);[5]

_____

[4] Appellant argues that the PCRA court erred in denying a hearing on his PCRA petition and accepting the reasoning in counsel's no-merit letter without conducting an independent review of the record. Appellant's Brief at 1.

[5] Section 780-115, relating to second or subsequent offenses provides:

(a) Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

(b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to the commission of the second offense, the offender has at any time been convicted under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state relating to controlled substances.

35 P.S. § 780-115.

(c) challenge the sentencing factors; (d) interview his co-conspirator Sonny Tejeda; (e) move for severance of the dealing in proceedings of unlawful activities charge from the other charges; and (f) investigate and retrieve a "government transaction reporting form." Appellant's Brief at 2-10. Appellant also argues that the trial counsel was ineffective in his trial strategy to the extent the trial counsel revealed to the jury Appellant's prior drug convictions. *Id.* at 10.

Before we may address the merits of Appellant's issues, we first must determine whether he has preserved the issues for our review. Upon our review of the record, we are constrained to conclude that Appellant did not preserve them. The record indicates that Appellant either failed to raise the issues in his PCRA petition or in his Rule 1925(b) statement. Specifically, Appellant's first argument that the PCRA court failed to hold a hearing on the PCRA petition and instead relied on PCRA counsel's no-merit letter is waived because Appellant did not raise this issue in this Rule 1925(b) statement. Appellant's ineffective assistance of counsel argument with respect to his prior record score is waived because Appellant did not raise it in his PCRA petition. Similarly, Appellant's ineffectiveness claim with respect to 35 P.S. § 115 is waived because he raises it for the first time on appeal. Appellant's ineffectiveness arguments regarding sentencing factors, Sonny Tejada, government reporting forms, trial strategy are waived because he did not raise them in his PCRA petition or in his Rule 1925(b) statement. Finally, Appellant's ineffectiveness claim pertaining to severance of the dealing in

- 4 -

proceedings of unlawful activities charge from the other charges is waived because he raised this argument for the first time in his Rule 1925(b) statement.  Accordingly, Appellant's issues on appeal are waived.  ***See*** Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Melendez–Rodriguez***, 856 A.2d 1278, 1287 (Pa. Super. 2004) (*en banc*) (holding issues raised for first time in 1925(b) statement waived).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2016